UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Randall Simpson, | ) | |
| | ) | |
| Petitioner, | ) | C/A No. 8:23-cv-03204-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Warden of Kershaw Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner Randall Simpson, a state prisoner incarcerated at Kershaw Correctional Institution (KCI) and proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., all pretrial proceedings were referred to a magistrate judge. On July 18, 2023, the United States Magistrate Judge filed a Report and Recommendation (Report) recommending that this court summarily dismiss the § 2254 petition without prejudice and without requiring the respondent to file a return because the petition was untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). (ECF No. 9). Petitioner was given notice of his right to file objections to the Report. (ECF No. 9 at 10). Petitioner filed objections. (ECF No. 12).

**FACTS AND PROCEDURAL HISTORY**

In May 2017, Petitioner pled guilty to murder, the possession of a weapon during the commission of a violent crime, attempted armed robbery, and voluntary manslaughter. (ECF No. 1 at 2); *State v. Simpson*, Nos. 2016A0410100067, 2016A0410100079, 2016A0410100081, and 2016A0410100098, available online at Anderson County Tenth Judicial Circuit Public Index, https://publicindex.sccourts.org/Anderson/PUblicIndex/PISearch.aspx (search First Name:

1

Randall, Last Name: Simpson) (last visited Mar. 6, 2025). That same day, the state court judge sentenced Simpson to an aggregate term of incarceration of fifty years. (ECF No. 1 at 2).[1] Petitioner filed an appeal, which was dismissed on January 4, 2019. *State v. Simpson*, Op. No. 2019-UP-008 (S.C. Ct. App. Jan. 4, 2019). The remittitur was issued on January 23, 2019. Petitioner then filed an application for post-convictions relief ("PCR") on December 3, 2019. *State v. Simpson*, No. 2019-CP-04-02435, available online at Anderson County Tenth Judicial Circuit Public Index, https://publicindex.sccourts.org/Anderson/PUblicIndex/PISearch.aspx (search First Name: Randall, Last Name: Simpson) (last visited Mar. 6, 2025). On March 16, 2021, the state court judge reviewing such application entered an order denying the application and dismissing it with prejudice. *Id.* Petitioner appealed, and the South Carolina Court of Appeals denied the petition for a writ of certiorari on August 22, 2022. *Simpson v. State*, No. 2021-000350, available online at South Carolina Appellate Case Management System, https://ctrack.sccourts.org/public/caseView.do? csIID=73521 (last visited Mar. 6, 2025). A remittitur was issued on September 19, 2022. *Id.*

Petitioner filed his federal habeas petition on June 30, 2023[2], setting forth the following grounds for relief substantially verbatim:

---

[1] This term consisted of thirty years for murder, fifteen years for attempted robbery, five years for possession of a weapon during a violent crime, to run concurrent with each other. However, these sentences were to run consecutively to the twenty-year term imposed as to the voluntary manslaughter conviction, for an aggregate term of fifty years. *State v. Simpson*, Nos. 2016A0410100067, 2016A0410100079, 2016A0410100081, and 2016A0410100098, available online at Anderson County Tenth Judicial Circuit Public Index, https://publicindex.sccourts.org/Anderson/PUblicIndex/PISearch.aspx (search First Name: Randall, Last Name: Simpson) (last visited March 6, 2023).

[2] The docket reflects that Petitioner filed his petition on July 5, 2023. (ECF No. 1). However, as noted by the magistrate judge in the Report, Petitioner dated his petition as "June 30, 2023", (ECF No. 1 at 16), and the envelope containing the petition was stamped as being mailed on "June 30, 2023" (ECF No. 1-1 at 1). While there is no stamped notation indicating when the

2

> **GROUND ONE**: Reconsideration.
>
> *Supporting facts*: Motion for reconsideration should be granted. All charge[s] happen[ed] at once.
>
> **GROUND TWO**: Anders Brief.
>
> *Supporting facts*: Motion to relieve plea counsel should have been granted. Court erred in accepting plea a[s] voluntary after motion to relieve plea counsel.
>
> **GROUND THREE**: Counsel fail[ed] to protect petitioner[']s interest at plea.
>
> *Supporting facts*: Counsel did not object or deny as to term of sentence. Counsel did not review disc. Counsel testified to new discovery, yet did not share with client. Client did not receive or review hard copy discovery, which prosided [sic] to a coerce[d] plea by coun[s]el.

(ECF No. 1 at 2–9). As for relief, Petitioner asks this court order that his sentences on all charges run concurrently or that this court remand the case for a new trial. *Id.* at 16. The petition form notified Petitioner of the statute of limitations for filing a § 2254 motion. *Id*. at 15. Question 18 on the form indicated "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." *Id.* at 14. Petitioner left this question blank.

After reviewing the record, the magistrate judge filed the Report recommending that the petition be dismissed because Petitioner failed to timely file the petition within the one-year statute of limitations as provided for by the AEDPA. (ECF No. 9). Petitioner filed objections to the Report. (ECF No. 12).

---

prison mail room received the documents for mailing, the court will used the date signed on the petition and on the envelope for purposes of determining when Petitioner filed his petition. Additionally, in his objections, Petitioner indicates that he filed the petition "on June 30, 2023." (ECF No. 12 at 1).

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also

be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## LAW AND ANALYSIS

Petitioner filed this habeas petition after the effective date of the AEDPA, and, therefore, review of his claims are governed by 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). A one-year statute of limitations governing § 2254 habeas petitions is provided for in 28 U.S.C. § 2244(d). This provision states in pertinent part that the one-year statute of limitations begins to run at "the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2012). However, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* at § 2244(d)(2) (emphasis added).

This statute of limitations is an affirmative defense that ordinarily the "state bears the burden of asserting." *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). However, district courts

5

have the power to raise this limitations defense *sua sponte*. *Id.* at 706. Still, when the petitioner is a pro se litigant, such as Petitioner here, the district court must give the petitioner notice and an opportunity to respond as to why the habeas petition is untimely. This notice was provided in the Report (ECF No. 9 at 7 n.2). Specifically, the Report indicated that "Petitioner's right to file objections to this Report and Recommendation constitutes Petitioner's opportunity to object to a dismissal of this Petition based on the statute of limitations." *Id.* (citing *Hill*, 277 F.3d at 707; *Bilal v. North Carolina*, 287 F. App'x 241, 248–49 (4th Cir. 2008)).

Petitioner's conviction became final on April 23, 2019, 90 days after remittitur was returned to the trial court on January 23, 2019. *See* Rule 203(b)(2), SCACR. Therefore, the one-year statute of limitations began to run on that date and would expire on April 23, 2020, unless the time was tolled. However, Petitioner filed his PCR application on December 3, 2019. When he filed this application, 224 days of non-tolled time had lapsed. The statute of limitations was tolled from the filing of that PCR application to the remittitur being filed in the lower court following appeal of the denial of his application for PCR. However, the statute of limitations began to run again following the remittitur being filed in the lower court on September 19, 2022. Petitioner had 141 days of non-tolled time remaining, or until February 7, 2023, to file a federal habeas action. However, Petitioner did not file his petition until June 30, 2023, more than four months after the expiration of the statute of limitations. While Petitioner filed objections to the Report, nowhere in his objections does he indicate that his petition was timely filed. *See* (ECF No. 12).

Accordingly, absent equitable tolling, Petitioner's petition for a writ of habeas corpus is time barred. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The Fourth Circuit has made it clear that "any resort to equity must be reserved for those rare instances where— due to circumstances external to the party's own conduct— it would

be unconscionable to enforce the limitation period against the party and gross negligence would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Furthermore, in 2010, the United States Supreme Court considered the issue and held that the statute would be equitably tolled *only* if the petitioner shows (1) that he has reasonably pursued his rights and (2) "that some extraordinary circumstance stood in his way" and prevented him from filing his petition on time. *Holland*, 560 U.S. at 649.

Though provided with an opportunity on the petition form to explain why his petition should be considered despite the one-year statute of limitations, Petitioner left this question blank. (ECF No. 1 at 14). In his objections, though he indicates that "[t]he limitation period may be equitably tolled for state and federal prisoners if the petitioner diligently pursues his claims and demonstrates that the failure to timely filed [sic] was caused by extraordinary circumstances beyond his control." (ECF No. 12 at 2). However, nowhere does Petitioner explain why *he* could not file his federal petition in a timely manner. He does not explain how he diligently pursued his claims or what extraordinary circumstances hindered him from timely filing his petition. Instead, Petitioner's objections just restate his claims and grounds for relief, which were not addressed by the magistrate judge due to his determination that the petition was untimely. As such, Petitioner has failed to meet his burden in demonstrating why the statute of limitations should be equitably tolled. Therefore, for the reasons set forth herein, the petition is time-barred.

## CONCLUSION

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (ECF No. 9). Petitioner's petition for a writ of habeas corpus (ECF No. 1) is hereby **DISMISSED without prejudice and without requiring the Respondent to file an answer or a return.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that these constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 10, 2025